**John Lee BROWN, Appellant,**

v.

**CONTINENTAL TELEPHONE COMPA- NY OF VIRGINIA, INC.; Edward H. Garland, Appellees.**

**No. 81–1664.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 5, 1982.

Decided Feb. 19, 1982.

---

Stephen P. Halbrook, Fairfax, Va., for appellant.

John J. Bennett, Washington, D. C. (Donald J. Mulvihill, Cahill Gordon & Reindel, Thomas L. Jones, Washington, D. C., Peter K. Stackhouse, Tolbert, Smith, Fitzgerald & Ramsey, Arlington, Va., on brief), for appellees.

Before INGRAHAM, Senior Circuit Judge,* HALL and SPROUSE, Circuit Judges.

SPROUSE, Circuit Judge:

John Lee Brown brought this action against the Continental Telephone Company of Virginia, Inc., and Edward H. Garland, the company's local service manager in Manassas, Virginia, under section 605 of the Communications Act of 1934, as amended, 47 U.S.C. § 605, which prohibits the divulgence of certain communications. The district court granted the defendants' motion for summary judgment and Brown appeals. We affirm.

On April 25, 1979, Garland was served with a request for certain records and telephone bills relating to a telephone number listed in Brown's name at a given address. The request, issued and signed by the Attorney for the Commonwealth in Prince William County, Virginia, stated that it was in conjunction with a "pending criminal investigation". Garland provided the requested records to a named investigator of the county police department. The records disclosed Brown's name and phone number, dates of calls, places called to and from, and the duration of calls—all billed to Brown's specific number. The records did not reveal the contents or substance of the calls nor the identity of any party to the calls. Garland attempted to notify Brown of the request for the toll records both before and after releasing them, but was unable to contact him either by mail or telephone.

The district court granted the defendants' motion for summary judgment on the grounds that bare toll records are not protected information within the meaning of the statute and that Brown's suit was barred because he had elected to pursue an administrative remedy and was thus precluded by section 207 of the Act from obtaining judicial relief.[1] It is not necessary to consider these issues since we hold that the records were released "on demand of . . . lawful authority" within the meaning of section 605.

Section 605 provides in pertinent part that:

[N]o person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance,

---

* Honorable Joe M. Ingraham, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. Section 207 provides:

Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies.

In October, 1979, Brown wrote the FCC seeking their "help in regards to [Continental's] violation." The FCC replied that it would not recommend criminal prosecution. Brown sought no further action by the FCC.

purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney, ... (5) in response to a subpena [sic] issued by a court of competent jurisdiction, or (6) on demand of other lawful authority....

This provision specifically authorizes the release of communicative information in response to a subpoena issued by a court of competent jurisdiction and, in the disjunctive, authorizes such release on the demand of "other lawful authority." The language of the statute makes it plain that a "person" subject to section 605 is authorized to release otherwise protected information to appropriate authorities in response to a demand less compelling than a subpoena. *See United States v. King*, 335 F.Supp. 523, 534, (S.D.Cal.1971), *aff'd in part and rev'd in part on other grounds*, 478 F.2d 494 (9th Cir. 1973), *cert. denied*, 414 U.S. 846, 94 S.Ct. 111, 38 L.Ed.2d 94 (1973); 417 U.S. 920, 94 S.Ct. 2628, 41 L.Ed.2d 226 (1974). The county attorney issued a request for information to be released to his investigator in connection with a pending criminal investigation. There is no hint of impropriety in his request for, or use of, the information, nor any indication that it was sought for any reason except valid investigatory activity. The release of the toll records under these circumstances was in response to the demand of "lawful authority" as expressly permitted by section 605 of the Act, and the judgment of the district court is, therefore, affirmed.

AFFIRMED.